UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
: 

J&J SPORTS PRODUCTIONS,           :
                  Plaintiff,    :
                                :
          -against-          :
                                :

EDDIE HERNANDEZ, ET AL.,       :
                                :
                 Defendants.  :

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2019

19 Civ. 3103 (LGS)

OPINION & ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed a Motion to Strike the purported Affirmative Defenses from Defendants' Amended Answer on September 3, 2019. By Order dated October 4, 2019, the motion was deemed unopposed because Defendants missed successive deadlines to file an opposition;

WHEREAS, the Motion to Strike argues that every one of the purported Affirmative Defenses are actually denials of the Complaint's allegations -- e.g. the "First Affirmative Defense" states only "GENERAL DENIAL" -- and therefore should all be struck;

WHEREAS, Federal Rule of Civil Procedure 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). A party moving to strike must ordinarily show that (1) the affirmative defense is not plausibly pled, (2) the allegations have no bearing on the issues in the case, and (3) permitting the allegations to stand would result in prejudice to the movant. *See GEOMC Co. v. Calmare Therapeutics Inc.,*

918 F.3d 92, 96-98 (2d Cir. 2019) (elaborating on standard). Whether striking is appropriate is "within the District Court's discretion." *See id.* at 99. It is hereby

**ORDERED** that the Motion to Strike is DENIED. Under dispute is whether Defendants intercepted and broadcast a boxing match without paying Plaintiff who owns the distribution rights to the match. To the extent the Amended Answer's statements, under the "Affirmative Defenses" label, are actually denials, the court will construe them as such, rather than strike them entirely from the Amended Answer. These statements -- that Defendants generally deny the Complaint, did not personally intercept and broadcast Plaintiff's program, only have 3 screens capable of any broadcast rather than the 5 screens the Complaint alleges and have only ever ordered one broadcast from Plaintiff not in issue -- do not prejudice Plaintiff. These denials are potentially relevant to Plaintiff's claims, either by denying the claims entirely or aspects of them or giving context to the parties' interactions. The Court will therefore not exercise its discretion to strike such material, even though they appear in a section mislabeled "Affirmative Defenses."

The Clerk of Court is respectfully directed to close Dkt. No. 46.

Dated: October 29, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2